Emson *v.* Ivins.

---

EPHRAIM P. EMSON

*v.*

HOWARD IVINS and MARY IVINS, executors of Thomas W. Ivins, deceased.

Complainant, alleging that he was the creditor of a testator to a very large amount; that the defendant, the residuary devisee, who was also one of the executors, had as such fraudulently confessed a judgment for a large amount, and that thereunder the sheriff had levied on all the testator's lands and sold all his personal property, obtained a preliminary injunction restraining the sheriff from paying over such proceeds and from going on with the sale of the lands. —*Held,* that such injunction would not be dissolved on the application of the defendant, although complainant had never presented his claim to the execu-

tors for payment, and has obtained no judgment at law on his claim, but the executors have recognized it by making payments thereon, both before and after the expiration of the time limited by the rule to bar creditors.

*Mr. I. W. Carmichael* and *Mr. W. H. Vredenburgh,* for complainant.

*Mr. J. H. Gaskill* and *Mr. F. Voorhees,* for defendants.

BIRD, V. C.

A very interesting question arises in this case. Can the creditor of a deceased person, who has never filed any claim whatever with his executors or administrators, maintain a suit in equity for the recovery of the amount due upon his alleged claim, without first having established such claim by a judgment at law, however much such executors or administrators may have recognized the existence of such claim? It is true that, in this particular case, other questions are involved, but it seems to me they are utterly without vitality unless the former be decided in favor of the complainant. The complainant had and has a claim of several thousand dollars against the estate of Thomas W. Ivins, deceased. He never filed any claim with the executors. The rule to bar expired long ago and was made absolute. The executors, during the period of limitation fixed by the rule and afterwards, made payments on one or both of these claims. Within the statutory period, other claims were presented, all of which the executors have paid. They have filed no account nor obtained any decree of distribution.

The complainant alleges that there is a large amount of assets, real and personal, in the hands of the executors, and that he is entitled to the payment of his claim or a *pro rata* share thereof out of those assets. He also says that the testator gave the residue of his estate, after the payment of his debts, to his wife, Mary A. Ivins, who is also executrix, and alleges that she holds the balance of said assets as executrix, but which, however important it may be ultimately, I shall not now attempt to decide. The bill further alleges that the said Mary A. Ivins, as devisee, confessed a judgment to James Lippincott, administrator *de bonis non* of

Emson *v.* Ivins.

George W. Ivins, deceased, for a real debt of over $49,000, on which execution was issued, and by virtue of which execution the sheriff levied upon all the interest of said Mary A. Ivins in the estate of her deceased husband, and sold the personal property, the proceeds of which he now holds. The allegation is that this is a device to defraud the complainant, and that it is illegal, and he asks an injunction restraining the sheriff from paying those moneys as directed by the writ. A preliminary injunction was allowed. The defendant Mary A. Ivins has answered. The above facts are not disputed. The allegation of fraud is. There are other statements in the bill which are denied.

The defendants come in and ask that the injunction be dissolved, insisting that there is no equity in the bill, and that the complainant has relief in the orphans court, or in a court of law. He also insists that if there is any equity in the bill it is fully answered.

I think the injunction should not be dissolved. If the complainant is entitled to his share of these assets under the law, I think they ought not to be swept away beyond his reach by means of this confessed judgment. I cannot believe it was the intention of the legislature to make the beneficial provisions of the act to depend upon questions of priority thus obtained. The ninety-fourth section of the orphans court act (*Rev. p. 773*) says:

" Any creditor who shall not exhibit his claim to the executor or administrator as aforesaid, within the time limited and prescribed by the said court, shall be forever barred from prosecuting or recovering his said demand, unless the estate shall prove sufficient after all debts exhibited and allowed are fully satisfied, or such creditor shall find some other estate not inventoried or accounted for by the executor or administrator before distribution, in which case such creditor shall receive his ratable proportion out of the same."

I believe that this section embraces the complainant, provided he has taken the necessary steps before filing his bill. I am inclined to believe that he has no standing in court until he has filed his claim in writing, under oath, with the executors (*Haston* v. *Castner, 4 Stew. Eq. 697*), or established his claim by an action at law. This, however, I do not decide. I think it

merits fuller consideration than I can now give it; and since the defendants will not be greatly injured, and, if the complainant is right, he, in all probability, would be, irreparably, it seems to be my duty to maintain the injunction. The costs of this motion to abide final hearing.

The amendments asked for by the complainant I think should be made without re-engrossing the bill. Copies thereof to be served within ten days upon the solicitor of the defendants.

· I will advise a decree in accordance with these views.